IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MOHAMED AWADALLAH,

Petitioner,

vs.

FEDERAL COURT,

Respondent.

**8:26CV531**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Mohamed Awadallah's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Upon review, and as explained below, the Court will dismiss the petition as it is deficient and duplicative of the petition filed by Petitioner in Case No. 8:26CV532.

On September 15, 2026, Petitioner filed the present petition naming "Federal Court" as the respondent and challenging his continued immigration detention in the Pottawattamie County Jail in Council Bluffs, Iowa. Filing No. 1. Petitioner did not sign the petition. *See id*. at 8. Simultaneously, Petitioner filed a second habeas petition (the "second petition") that the Court docketed in Case No. 8:26CV532. Filing No. 1, Case No. 8:26CV532. The second petition also names "Federal Courts" as the respondent and challenges Petitioner's continued immigration detention in the Pottawattamie County Jail, but, unlike the present petition, Petitioner signed the second petition. *See generally id*. In a separate order entered on this date, the Court transferred the second petition to the United States District Court for the Southern District of Iowa because Petitioner is confined in that district and, consequently, this Court lacks jurisdiction to consider the second petition. Filing No. 3, Case No. 8:26CV532.

As the foregoing suggests, the petition in this case is deficient for several reasons. First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Second, Petitioner failed to name a proper respondent in the petition. In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the petitioner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner named "Federal Court" as the respondent, but the proper respondent would be the warden or chief executive official at the Pottawattamie County Jail. Third, for the same reasons explained in Filing No. 3 in Case No. 8:26CV532, Petitioner filed his petition in the wrong court, and this Court lacks jurisdiction over it. And, finally, the petition in this case is duplicative of the second petition, which this Court has transferred to the federal district court for the Southern District of Iowa. Because the second petition challenges the same detention at issue here, the Court will dismiss the present petition without prejudice to Petitioner pursuing his habeas claims in the second petition in the Southern District of Iowa.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice.

2. The Court shall enter a separate judgment.

Dated this 16th day of September, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge